A. F. MACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74111.   Promulgated January 30, 1935.

*J. Nelson Anderson, Esq.*, for the petitioner.
*Stanley B. Anderson, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent's determination of a deficiency in income tax in the amount of $868.73 for the year 1930 arises out of his application of the rule of first in, first out to sales of stock made by petitioner in the taxable year.

The facts have been stipulated by the parties and we set them forth herein so far as is necessary for a decision of the question raised.

It appears that on January 1, 1929, the petitioner owned 1,155 shares of stock of the U. S. Realty & Improvement Co. which had been acquired on the dates and at the prices stated below:

> 550 shares acquired January 12, 1926, in exchange for 220 shares on split of 2½ for 1
> The 220 shares had been acquired as follows:
>> May 1, 1923—100 shares—cost $10, 415. 00
>> July 3, 1923—100 shares—cost 9, 115. 00
>> 20 shares—stock dividend
> 500 shares acquired March 29, 1926—cost $25,087.50
> 105 shares acquired March 15, 1927—stock dividend

1, 155

On February 7, 1929, petitioner sold 200 shares of the stock for a price of $22,742.

Subsequent to February 7, 1929, petitioner purchased 718 additional shares of stock in the U. S. Realty & Improvement Co. on the dates and at the prices as follows:

| Date | Number of shares | Price |
|---|---|---|
| March 20, 1929 | 318 | $25, 440. 00 |
| October 30, 1929 | 200 | 13, 835. 00 |
| November 13, 1929 | 100 | 5, 617. 50 |
| November 13, 1929 | 100 | 5, 717. 50 |

During the taxable year 1930 petitioner sold 718 shares of stock in the U. S. Realty & Improvement Co. as follows:

| Date | Number of shares | Price |
|---|---|---|
| December 8, 1930 | 100 | $3, 006. 00 |
| December 8, 1930 | 100 | 2, 993. 50 |
| December 16, 1930 | 300 | 7, 593. 00 |
| December 16, 1930 | 16 | 453. 03 |
| December 17, 1930 | 200 | 5, 162. 00 |

The sales during the taxable year were made through Oliphant & Co., brokers. All of the stock certificates evidencing petitioner's ownership of shares in the U. S. Realty & Improvement Co. were in the custody of Oliphant & Co., a part of the certificates having

been turned over to Oliphant & Co. by another brokerage firm at or about the time of the sale of the shares during December 1930. No actual identification of the certificates sold was made by petitioner, nor was identification possible. In making the sale the brokers utilized a credit clearing house balance to the extent of 300 shares of U. S. Realty & Improvement Co. stock.

At the time the sales were made petitioner instructed his bookkeeper to record them on a ledger sheet as sales of the stock acquired by him in 1929. They were so recorded.

Petitioner argues that it was his intention to sell the 718 shares of stock which he had more recently acquired and that, under the circumstances, he has done all in the way of identification that it was possible for him to do. He relies on *Howbert* v. *Penrose*, 38 Fed. (2d) 577, and on *Merchants & Manufacturers' Fire Insurance Co.* v. *Commissioner*, a memorandum decision by this Board dated April 20, 1933. This latter decision has since been reversed by the United States Circuit Court of Appeals for the Third Circuit, 72 Fed. (2d) 408.

The validity and applicability of the rule of first in, first out has been passed on by the courts and by this Board many times. The facts in the instant case are the usual ones present where certificates representing shares of stock purchased at various times are left with the broker and some of the shares are sold without any record being kept or attention paid to the particular certificate delivered. In fact the stipulation in this case states that, by reason of the fact that the certificates were not in the possession of petitioner, there was no way for him to identify them, and there is nothing in the record to indicate or suggest that the petitioner gave any instructions to his broker as to which shares or certificates he desired to sell. Even if we assume that such instructions would constitute a sufficient identification for the purposes under consideration, cf. *Howbert* v. *Penrose, supra; Rankin* v. *Commissioner*, 73 Fed. (2d) 9, certainly the mere notation on petitioner's ledger is not sufficient to establish the identity of the particular property he sold so as to take the case out of the first in, first out rule.

The question here has been treated so exhaustively in prior decisions [1] that we feel no useful purpose would be served by a further and detailed review of the subject.

*Decision will be entered for the respondent.*

---

[1] *Towne* v. *McElligott*, 274 Fed. 960; *Skinner* v. *Eaton*, 45 Fed. (2d) 568; *Snyder* v. *Commissioner*, 54 Fed. (2d) 57, affirming 20 B. T. A. 778; *Commissioner* v. *Merchants & Manufacturers' Fire Insurance Co.*, 72 Fed. (2d) 408; *Snyder* v. *Commissioner*, 73 Fed. (2d). 5 (C. C. A., 3d Cir., Sept. 18, 1934), affirming 29 B. T. A. 39; *Burdett Stryker*, 21 B. T. A. 561; *George Vawter*, 31 B. T. A. 884.